UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: CLAUDE W. BLACKWELL,  Case No. 7-08-14402 JA

Debtor.

THE HANOVER PACKARD GROUP, LLC,

Plaintiff,

v.  Adversary No. 09-1099 J

CLAUDE W. BLACKWELL,

Defendant.

### MEMORANDUM OPINION

THIS MATTER is before the Court on Plaintiff's Motion for Summary Judgment ("Motion") (Docket No. 31) and supporting memorandum (Docket No. 32) filed by The Hanover Packard Group, LLC, by and through its attorneys of record, Hinkle, Hensley, Shanor & Martin, LLP (Nancy Cusack) and Haynes and Boone, LLP (Thomas J. Williams and Ian T. Peck). Defendant, Claude W. Blackwell, *pro se,* opposes the Motion. *See* Defendant's Memorandum in Opposition to Plaintiff's Motion for Summary Judgment (Docket No. 33). At issue is whether a default judgment for fraud entered by a Texas state district court in favor of The Hanover Packard Group, LLC ("Hanover/Packard") against AV Bar Reg., Inc. ("AV Bar"), a company in which Claude W. Blackwell was an officer and/or director, conclusively establishes that the debt is non-dischargeable as to Mr. Blackwell pursuant to 11 U.S.C. § 523(a)(2)(A) as a debt procured by a false representation, false pretenses, or actual fraud. Because the Court finds that the state court default judgment does not preclude litigation of the non-dischargeability issue in bankruptcy court, the Court will deny the Motion.

SUMMARY JUDGMENT STANDARDS

It is appropriate for the Court to grant summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c), made applicable to adversary proceedings by Fed.R.Bankr.P. 7056. In considering a motion for summary judgment, the Court must "'examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.'" *Wolf v. Prudential Inc. Co. of America,* 50 F.3d 793, 796 (10th Cir. 1995)(quoting *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.,* 912 F2d 1238, 1241 (10th Cir. 1990)).

UNDISPUTED FACTS

The following facts are not in dispute:

1. AV Bar Reg., Inc. ("AV Bar") was a corporation incorporated under the laws of the State of Texas. *See* Motion, Exhibit E-1; Defendant's Memorandum in Opposition to Plaintiff's Motion for Summary Judgment, ¶1.

2. Hanover/Packard filed a lawsuit suit against AV Bar in the 141st Judicial District Court of Tarrent County, Texas alleging claims for breach of contract and common law fraud ("State Court Action"). Plaintiff's Original Complaint to Determine Dischargeability of Debt Pursuant to 11 U.S.C. § 523(a) ("*Complaint*") (Docket No. 1), ¶ 20; Answer to Plaintiff's Original Complaint to Determine Dischargeability of Debt ("*Answer*")(Docket No. 7), ¶ 20.

3. Defendant was not named as a defendant in the State Court Action. *See* Motion, Exhibit D (copy of Plaintiff's Original Verified Petition and

Application for Injunctive Relief filed in the State Court Action, hereinafter the
   "Petition").

4. AV Bar did not file an answer to the Petition or otherwise appear. *See* Motion, Exhibit C (copy of Final Judgment).

5. Hanover /Packard obtained a default judgment against AV Bar in the State Court Action in the amount of $23,236,251.40 in actual damages, $1,000,000 in exemplary damages, and $50,000 in attorney's fees. *See Complaint*, ¶ 20, *Answer,* ¶ 20. *See also,* Motion, Exhibit C (copy of Final Judgment).

6. The default judgment found that AV Bar was liable to Hanover/Packard for common law fraud. *See Complaint,*¶ 37; *Answer,* ¶ 37. *See also,* Motion, Exhibit C (copy of Final Judgment).

## DISCUSSION

Hanover/Packard raises the following arguments in support of its Motion: 1) that *res judicata,* the Full Faith and Credit Act, and the *Rooker-Feldman* doctrine preclude relitigation of its fraud claim and establish as a matter of law that the debt at issue is non-dischargeable under 11 U.S.C. § 523(a)(2)(A); and 2) that Defendant is personally liable for the debt by operation of Tex. Tax Code § 171.255 or because he is the alter ego of AV Bar.[1] Because the

---

[1] Hanover/Packard has offered no evidence on summary judgment to support its claim that Defendant is the alter ego of AV Bar. The fact that the Bankruptcy Court for the Northern District of Texas, Fort Worth Division substantively consolidated the bankruptcy cases of AV Bar and Christopher Blackwell, Defendant's son, or that Christopher Blackwell's discharge was denied fails to establish that Defendant is the alter ego of AV Bar. The case law cited by Hanover/Packard merely states that "[a] stockholder may be in privity with his corporation . . . such that a judgment against the later is *res judicata* as to the former **if the two are found to be alter egos.**" *Dudley v. Smith,* 504 F.2d 979, 982 (5th Cir. 1974)(emphasis added). But Plaintiff has not offered any evidence on summary judgment to establish as a matter of law that Defendant is AV Bar's alter ego or that AV Bar comingled its funds with Defendants' funds. Further, as discussed below, Hanover/Packard has not established that Defendant is in privity with AV Bar for purposes of collateral estoppel. Finally, Defendant's Answer contests Hanover/Packard's assertion that he is a shareholder of AV Bar. *See Complaint, ¶* 22 (asserting that

-3-

Court finds that neither *res judicata,* Full Faith and Credit, nor the *Rooker-Feldman* doctrine applies to bar litigation of the non-dischargeability issue raised in this adversary proceeding, the Court need not address Hanover/Packard's second argument.

<u>Full Faith and Credit</u>

Under the Full Faith and Credit Act,[2] federal courts are required to give full faith and credit to judgments entered by all courts in the United States, meaning that "a federal court must give the same preclusive effect to a state-court judgment as another court of that State would give." *Parsons Steel, Inc. v. First Alabama Bank,* 474 U.S. 518, 523, 106 S.Ct. 768, 771, 88 L.Ed.2d 877 (1986). Thus, when reviewing the preclusive effect of a state court judgment under the mandates of the Full Faith and Credit Act, the court must "look to the preclusion law of the state in which the judgment was rendered." *In re Putvin,* 332 B.R. 619, 625 (10th Cir. BAP 2005)(citing *Marrese v. Am. Acad. of Orthopaedic Surgeons,* 470 U.S. 373, 380, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985)). The judgment entered in the State Court Action was entered in Texas. Therefore, the Court must look to Texas law to determine whether the judgment bars relitigation of the issues raised in this adversary proceeding.

*Collateral Estoppel*

Collateral estoppel, also known as issue preclusion, "is designed to promote judicial efficiency, protect parties from multiple lawsuits and prevent inconsistent judgments by precluding the relitigation of issues." *Sysco Food Services, Inc. v. Trapnell,* 890 S.W.2d 796,

---

Defendant and Christopher Blackwell were the owners of AV Bar); *Answer,* ¶ 22 (stating that Defendant is not a stockholder of AV Bar).

[2] The Full Faith and Credit Act, provides, in relevant part: "The . . . judicial proceedings of any court of any such State . . . shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such state . . . ." 28 U.S.C. § 1728. The Full Faith and Credit Act "codifies the Full Faith and Credit Clause of the Constitution, Art. IV § 1." *Phelps v. Hamilton,* 122 F.3d 1309, 1318 (10th Cir. 1997).

-4-

801 (Tex. 1994)(citing *Lytle v. Household Mfg., Inc.,* 494 U.S. 545, 553, 110 S.Ct. 1331, 1337, 108 L.Ed.2d 504 (1990)(remaining citations omitted)). Under Texas law, a party asserting collateral estoppel must establish the following elements:

> (1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action;
>
> (2) those facts were essential to the judgment in the first action; and
>
> (3) the parties were cast as adversaries in the first action.
>
> *Sysco,* 890 S.W.2d at 801 (citations omitted).

Ordinarily, default judgments obtained upon the failure of a defendant to answer a complaint are not entitled to collateral estoppel effect under Texas law. *See In re Fitch,* 349 B.R. 133, 142 (Bankr. N.E.Tex. 2006)("No-answer default judgments are generally not entitled to preclusive effect in Texas.")(citing *Gober v. Terra +Corp.,* 100 F.3d 1195, 1204 (5th Cir. 1996) and *Crain v. Limbaugh (In re Limbaugh),* 155 B.R. 952, 955 (Bankr. N.D.Tex. 1993)). Courts reason that "no-answer default judgments fail to meet the 'actually litigated' prong of the issue preclusion test." *Gober,* 100 F.3d at 1204 (citations omitted).

Here, the Final Judgment entered in the State Court Action recites that AV Bar "failed to appear and answer, and wholly made default." *See* Motion, Exhibit C. Thus the Final Judgment appears to be a "no-answer" default. Further, Defendant Claude Blackwell was not a named party to the State Court Action. Because he was not a named party, he had no obligation to answer the Petition filed in the State Court Action. Thus, even if the default judgment determined facts at issue here (i.e., fraud) that were essential to the entry of the judgment in the State Court Action, Hanover/Packard has not established all elements necessary to meet the requirements for collateral estoppel under Texas law.

-5-

With regard to the third requirement, although strict mutuality of parties is no longer required, the party against whom collateral estoppel is asserted must have been in privity with a party to the first action. *Sysco,* 890 S.W. 2d at 801-802. Whether a party is in privity with a party to the first action must be examined on a case-by-case basis in light of the particular circumstances. *HECI Exploration Co. v. Neel,* 982 S.W.2d 881, 890 (Tex. 1998). *See also, Benson v. Wanda Petroleum Co.,* 468 S.W.2d 362, 363 (Tex. 1971)(recognizing that the determination of whether a party is in privity for purposes of res judicata "requires careful examination into the circumstances of each case as it arises.")(citation omitted). For purposes of collateral estoppel, parties are in privity when "(1) they control an action even if they are not parties to it; (2) their interests are represented by a party to the action; or (3) they are successors in interest, deriving their claims through a party to the prior action." *HECI Exploration,* 982 S.W. 2d at 890. *See also, McCoy v. Hernandez,* 203 F.3d 371, 374 (5th Cir. 2000)(same). However, "privity is not established by the mere fact that persons may happen to be interested in the same question or in proving the same set of facts." *Benson,* 468 S.W.2d at 363. Rather, "privity connotes those who are in law so connected with a party to the judgment as to have such an identity of interest that the party to the judgment represented the same legal right." *Id.* (citation omitted).

Hanover/Packard has not demonstrated that Defendant stands in privity with AV Bar for purposes of collateral estoppel. There is no evidence before the Court that Defendant in fact controlled the litigation on behalf of AV Bar in the State Court Action. Further, because the State Court Action did not assert a claim against Defendant personally, and because judgment was entered by default, it is not fair to conclude that AV Bar adequately represented Defendant's interests in the State Court Action, or that Defendant should have had reason to

-6-

know that Hanover/Packard would later seek to hold Defendant liable for the judgment it obtained against the company. *See Parklane Hosiery Co., Inc. v. Shore,* 439 U.S. 322, 330, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979)(acknowledging that offensive use of collateral estoppel may be unfair to the defendant when the defendant "may have [had] little incentive to defend vigorously, particularly if future suits are not foreseeable.")(citation omitted). Thus the fact that Defendant may have known about the State Court Action is insufficient for the Court to conclude that collateral estoppel should be applied to grant Hanover/Packard summary judgment based on the default judgment entered in the State Court Action against AV Bar.

### *Res Judicata*

In its Motion, Hanover/Packard acknowledges that collateral estoppel principles can apply to dischargeability actions, but then appears to rely on the doctrine of *res judicata* as interpreted under Texas law to conclude that the default judgment entered in the State Court Action against AV Bar conclusively establishes that the debt is non-dischargeable. The doctrine of *res judicata* does apply generally to bankruptcy proceedings. *In re Griego,* 64 F.3d 580, 584 (10th Cir. 1995)(citing *DePaolo v. United States (In re DePaolo),* 45 F.3d 373, 376 (10th Cir. 1995)). However, *res judicata* does not preclude the subsequent litigation of a non-dischargeability action in bankruptcy court because issues of non-dischargeability fall within the exclusive jurisdiction of the bankruptcy court. *See Brown v. Felson,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed. 2d 767 (1979)(holding that creditor was not barred by *res judicata* from asserting subsequent non-dischargeability claim against debtor such that the bankruptcy court was not confined to a review of the prior state court judgment when considering the dischargeability of the debt). Consequently, "res judicata cannot be applied to preclude

litigation of the elements of . . . [dischargeability] claims for relief." *In re Hampton,* 272 B.R. 1, 2 (Bankr.D.Wyo. 2001).[3]

This legal precept applies regardless of whether the debtor-defendant raises *res judicata* as a defense to a subsequent non-dischargeability action, as in *Brown v. Felson,* or a creditor raises *res judicata* offensively in an attempt to obtain summary judgment on a claim for non-dischargeability.[4] Hanover/Packard's contention that it is entitled to summary judgment on its non-dischargeability claim against Defendant because, under Texas law, default judgments enjoy preclusive effect under *res judicata* principles, is, therefore, misplaced.[5]

*Rooker-Feldman Doctrine*

Similarly, the *Rooker-Feldman Doctrine* is inapplicable. "'As a general rule, the *Rooker-Feldman* doctrine prevents bankruptcy courts from exercising subject matter jurisdiction over claims if doing so would require them to engage in an appellate review of a state court judgment.'" *Osborn v. Miller (In re Miller),* 2010 WL 2490666, *5 (Bankr.D.Kan. June 16, 2010)(quoting Dickerson, *Colliding Judgments: Applying the Rooker-Feldman Doctrine in Bankruptcy Cases,* 14 J. Bankr.L. & Prac. 4 art. 2 (2005)). As explained by the Supreme Court in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005), the doctrine is

---

[3] *See also Haas v. Huddleston (In re Huddleston),* 157 B.R. 35, 36 (Bankr.N.D.Okla. 1993)(stating that "[r]es judicata does not apply in actions for exception to discharge."); *Davis v. Massey (In re Massey),* 228 B.R. 686, 690 (Bankr.S.D.Ind. 1998)(stating that "[b]ecause of the *exclusive* jurisdiction of the bankruptcy court over issues of Section 523(a)(2), (4), (6), and (15) non-dischargeability, res judicata does not apply to actions pursuant to those subsections of Section 523(a).")(citation omitted).

[4] *See, e.g., Hampton,* 272 B.R. at 2 (*res judicata* established the amount of the debt, but could not be used to establish the character of the debt as non-dischargeable); *Huddleston,* 157 B.R. at 36.

[5] *Cf. Mattson v. Hawkins (In re Hawkins),* 231 B.R. 222, 231 (D.N.J. 1999)(acknowledging that under New Jersey law, *res judicata* applies to default judgments, but concluding that, in accordance with *Brown v. Felson,* the state court default judgment could have "absolutely no claim preclusion effect on these dischargeability proceedings." Consequently, the court denied plaintiff-creditor's motion for summary judgment premised on the doctrine of *res judicata.*).

-8-

> confined to cases of the kind from which the doctrine acquired its name: cases brought by state court losers complaining of injuries caused by state-court judgments rendered before the district court commenced and inviting district court review and rejection of those judgments. *Rooker-Feldman* does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions.

*Exxon Mobil Corp.,* 544 U.S. at 284.

Here, Hanover/Packard, the party asserting that *Rooker-Feldman* prevents this Court from reviewing the judgment entered in the State Court Action, was the *prevailing* party in the State Court Action, not the losing party. Defendant is not attempting to "undo" the judgment against AV Bar entered in the State Court Action. Rather, Defendant is simply defending the non-dischargeability action filed by Hanover/Packard against the Defendant personally. Consequently *Rooker-Feldman* is inapplicable.[6] The *Rooker-Feldman* doctrine does not prevent the bankruptcy court from deciding an independent claim (such as the claim for nondischargability), even if such claim "'denies a legal conclusion that a state court has reached.'" *In re Sweeney,* 276 B.R. 186, 195 (6th Cir. BAP 2002)(quoting *GASH Assocs. v. Village of Rosemont,* 995 F.2d 726, 728 (7th Cir. 1993)). In sum, while the *Rooker-Feldman* doctrine precludes the Court from reviewing the merits of the debt or setting aside the default judgment that establishes the debt, it remains within the Court's exclusive jurisdiction to determine whether the debt embodied in the judgment is dischargeable. *Sweeney,* 276 B.R. at 194.

---

[6] *See, e.g., Jacobus v. Binns (In re Binns),* 328 B.R. 126, 131-132 (8th Cir. BAP 2005)(finding that the "case simply does not present a situation covered by the *Rooker-Feldman* doctrine – the state court losers (the Debtors) are not trying to obtain a review and a rejection of the Default Judgment; to the contrary, the state court winner (the Plaintiff) is trying to offensively use the Default Judgment to establish the basis for a derivative claim, *i.e.,* a determination of non-dischargeability."); *Custom Heating & Air, Inc. v. Andress (In re Andress),*345 B.R. 358, 368 (Bankr.N.D.Okla. 2006)(finding it an inappropriate use of *Rooker-Feldman* by the state court plaintiff "as an offensive weapon to prevent this Court from determining whether a debt may be discharged in bankruptcy."); *Miller,* 2010 WL 2490666 at *6 (same; concluding that *Rooker-Feldman* could not serve as a basis to grant plaintiff summary judgment on her non-dischargeability claim under § 523(a)(6)).

CONCLUSION

Based on the foregoing, the Court concludes that the Motion must be denied. Neither The Full Faith and Credit Act, *res judicata,* nor the *Rooker-Feldman* doctrine applies to establish that the debt represented by the default judgment entered against AV Bar in the State Court Action is non-dischargeable as to Defendant. Hanover/Packard has also not established all elements required for *collateral estoppel* to apply. The judgment entered in the State Court Action determined that AV Bar committed common-law fraud, established the amount of the debt at issue, and is binding on AV Bar. But the judgment entered in the State Court Action against AV Bar does not entitle Hanover/Packard to summary judgment as to whether it has a non-dischargeable fraud claim against Defendant. Finally, because Hanover/Packard is not entitled to summary judgment based on the default judgment entered in the State Court Action, the Court does not reach Hanover/Packard's argument that Defendant should be held liable for the debt of AB Bar pursuant to the Texas Tax Code § 171.255. An order will be entered consistent with this opinion.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: July 29, 2010

COPY TO:

**Ian T Peck**
**Thomas J. Williams**
Haynes and Boone, LLP
Attorneys for Plaintiff
201 Main Street
Suite 2200
Fort Worth, TX 76102

-10-

**Nancy S Cusack**
Hinkle Hensley Shanor & Martin, LLP
Attorney for Plaintiff
PO Box 2068
Santa Fe, NM 87504-2068

**Claude W. Blackwell**
Defendant
PO Box 4224
Roswell, NM 88202-4224